IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN & FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

MARIO PEREZ,         :   CASE NO.

   Plaintiff,

vs.

BIRD ROAD BAKERY, LLC,
VICKY BAKERY KENDALL,
INC., CARLOS DEVARONA &
ANTONIO CAO,

   Defendants.     :    **COMPLAINT**
_____/

Plaintiff, MARIO PEREZ, through counsel, on behalf of himself and all others similarly situated (hereinafter referred to as the "Hourly Employees"), sues Defendants, BIRD ROAD BAKERY, LLC, VICKY BAKERY KENDALL, INC., CARLOS DEVARONA and ANTONIO CAO, for overtime violations as well as retaliation, and states:

### A. JURISDICTION, PARTIES & VENUE

1. The amount in dispute in these proceedings exceeds the sum of $30,000.00, exclusive of interest, costs and attorneys' fees. This is a claim by Plaintiff and the Hourly Employees against Defendants for overtime violations. Plaintiff is also suing Defendants for retaliation.

1

2. From 11/20 through 5/08/22, Plaintiff worked for Defendants in Miami-Dade County, Florida in the position of Baker.

3. Defendants Bird Road Bakery, LLC and Vicky Bakery Kendall, Inc. (hereinafter collectively referred to as the "Bakeries") engage in business in Miami-Dade County, Florida and each respective entity had gross revenues in excess of $500,000.00 during the time that Plaintiff and the Hourly Employees worked for it. Defendants Carlos Devarona and Antonio Cao (hereinafter collectively referred to as the "Owners") were and are the Bakeries' owners, managers, officers and directors and had direct control over Plaintiff's and the Hourly Employees' terms and conditions of work and the FLSA violations alleged at Counts I-II.

## B. GENERAL ALLEGATIONS

4. Defendants hired Plaintiff to work in the position of Baker and initially paid him correctly. In January 2021, Defendants verbally informed Plaintiff that he was making too much money when he worked overtime hours so he was switched from an hourly wage to a weekly salary of $725.00 per week regardless of how many hours that he worked.

5. While employed by Defendants, Defendants scheduled Plaintiff to work 60-84 hours per work week. As such, after the point that Defendants switched Plaintiff to a salary to intentionally avoid their overtime obligations to Plaintiff, they owe him $27.19 per unpaid overtime hour x 2.

6. Defendants had a policy and practice of placing its Hourly Employees on a set salary to intentionally avoid having to pay them overtime resulting in overtime wage violations for all such employees similar to Plaintiff.

7. For their overtime claim, Plaintiffs and the Hourly Employees worked an average of 20-44+ overtime hours per work week and Defendants failed to pay them overtime pay.

8. Plaintiff has performed and/or satisfied all conditions precedent on his part to be performed and/or Defendants have otherwise waived such conditions by their actions.

9. Plaintiff is entitled to his attorneys' fees and costs for bringing this action pursuant to the §216 of the FLSA and Plaintiff has retained the undersigned law firm and is obligated thereby to pay for his fees and costs incurred herein.

## COUNT I
## UNPAID OVERTIME

10. Plaintiff and the Hourly Employees readopt and reallege all allegations contained in ¶¶ 1-9 above.

11. Plaintiff and the Hourly Employees bring Count I under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "FLSA") against Defendants for overtime violations.

12. Plaintiff and the Hourly Employees worked for Defendants as non-exempt employees and they were not paid overtime when they worked more than 40 hours per week.

13. Plaintiff and the Hourly Employees seek to recover from Defendants unpaid overtime, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 216(b).

14. Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

15. Defendants were, and at all times pertinent to this Complaint, engaged in interstate commerce and are otherwise subject to the FLSA. By reason of the foregoing, Defendants were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

16. By reason of their employment with Defendants, Plaintiff and the Hourly Employees were employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a). The work performed

by Plaintiff and the Hourly Employees was directly essential to those interstate activities described in ¶15 above, which was directly essential to the business performed by Defendants. Plaintiff and the Hourly Employees, by virtue of their job duties and functions as described above, were engaged in commerce.

17. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. §§201-219 and DOL Regulation 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked unpaid hours for Defendants in violation of the FLSA.

18. Defendants also violated the record keeping provisions of the FLSA by failing to require and/or maintain accurate records of Plaintiff's and the Hourly Employees' hours of work.

19. Plaintiff and the Hourly Employees were entitled to be paid overtime pay for all hours worked past 40.

20. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the non-payment of overtime by its failure to pay Plaintiff and the Hourly Employees overtime pay in accordance with the FLSA.

21. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff and the Hourly Employees have suffered damages plus incurring costs and reasonable attorney's fees. As a result of Defendants' willful disregard of the FLSA, Plaintiff and the Hourly Employees are entitled to liquidated damages.

WHEREFORE, Plaintiff and the Hourly Employees demand judgment against Defendants for payment of all unpaid overtime for which they have not been paid, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief.

## COUNT II
## VIOLATION OF 29 U.S.C. § 215(a)(3)
## AGAINST DEFENDANTS

22. Plaintiff readopts and realleges all allegations contained in ¶¶ 1-9 above.

23. Shortly before Plaintiff was fired, Plaintiff complained to Defendants that he should be paid overtime and that it was illegal for Defendants to not pay him overtime wages.

24. In response to Plaintiff's complaint as provided at ¶23 above, Defendants fired Plaintiff in violation of 29 U.S.C. § 215(a)(3) of the FLSA.

25. Defendants showed reckless disregard of the provisions of the FLSA concerning their retaliation against Plaintiff for his FLSA complaint.

26. By reason of the foregoing acts of Defendants, Plaintiff has suffered damages, and he is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendants for its violation of 29 U.S.C. § 215(a)(3), including all damages allowed by the FLSA for retaliatory acts by employers, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief.

## COUNT III - VIOLATION OF
## THE ACT AGAINST DEFENDANT VICKY BAKERY

27. Plaintiff realleges and reavers ¶¶ 1-9 as if fully set forth herein.

28. On or about 2/14/22, Plaintiff, while working for Defendant Vicky Bakery Kendall, Inc. ("Vicky Bakery"), injured his back/shoulder/leg when he slipped on ice resulting in him needing medical attention (the "Injury"). The Injury is and was covered under Florida's Workers' Compensation Act (the "Act").

29. Plaintiff informed Vicky Bakery that he suffered the Injury as described in ¶28, that he needed medical attention and that he needed to see a doctor.

30. Vicky Bakery failed and refused to pay for Plaintiff's medical care or timely notify its Workers Compensation carrier and the State of Florida about the Injury in violation of the Act.

31. On 5/08/22, Vicky Bakery fired Plaintiff because of the Injury and Plaintiff's requests for benefits under the Act.

32. Vicky Bakery's reason for firing Plaintiff was pretextual and done as an excuse to justify the termination.

33. Vicky Bakery has a policy and practice of retaliating against those employees who experience injuries covered under the Act or who ask for medical coverage otherwise available under the Act.

34. As a direct and proximate result of the events described in ¶¶ 28-33 above, Vicky Bakery retaliated against Plaintiff as provided by §440.205, Fla. Stat.

35. Plaintiff is a protected member under the Act since he was employed by Vicky Bakery at the time that he suffered a work related injury covered under the Act and during a period when he had filed and/or requested a claim against Vicky Bakery under the Act.

36. Vicky Bakery's conduct as described above was intentional, wilful, and a malicious in violation of §440.205, Fla. Stat.

37. Vicky Bakery's employees and/or agents acted within the course and scope of their authority or such acts were otherwise ratified by its owners/management.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment awarding him all such legal, equitable, and monetary relief as will effectuate the purpose of the Act and which are available under the Act, including but not limited to reinstatement with retroactive pay and benefits, Plaintiff's costs and all other damages and/or remedies available pursuant to the Act against Vicky Bakery.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable for Counts I-III.

Respectfully submitted,

/s/ Lawrence J. McGuinness
Fla. Bar No. 814611
MG LEGAL GROUP, P.A.
ljm@ljmpalaw.com
scheduilng ljmpa@comcast.net
Juliana Gonzalez
Fla. Bar No. 54660
juliana@ljmpalaw.com
office@mglegalgroup.com
MG Legal Group, P.A.
3126 Center Street
Coconut Grove, Florida 33133
Tel No.: (305) 448-9557
Fax No.: (305) 448-9559

*Counsel for Plaintiff*